IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03019-BNB

KHALIF ABDUL QAWI MUJAHID, a/k/a KEITH E. GAFFNEY-BEY,

   Applicant,

v.

MR. D. BERKEBILE, Warden,

   Respondent.

## ORDER OF DISMISSAL

Applicant, Khalif Abdul Qawi Mujahid, also known as Keith E. Gaffney-Bey, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Mujahid initiated this action by filing *pro se* a "Petitioner's Motion for a Writ of Habeas Corpus Pursuant to 28 U.S.C.S. section 2241, United States code, (D)" (ECF No. 1).  On November 29, 2013, Mr. Mujahid filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6).  On December 3, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Mujahid to show cause why this habeas corpus action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255.  On February 10, 2014, Mr. Mujahid filed his response to the show cause order.  (*See* ECF No. 13.)

The Court must construe the papers filed by Mr. Mujahid liberally because he is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

Mr. Mujahid was convicted of various offenses following a jury trial in 1995 in the United States District Court for the Eastern District of Virginia. On direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed Mr. Gaffney's convictions with one exception and remanded the case with instructions to vacate his conviction on a drug conspiracy count. *See United States v. Gaffney*, No. 95-5795, 1996 WL 515241 (4th Cir. Sept. 11, 1996) (per curiam). Mr. Mujahid concedes that he has challenged his conviction in the sentencing court by filing a motion pursuant to 28 U.S.C. § 2255 as well as at least one successive § 2255 motion. Mr. Mujahid claims in this habeas corpus action that newly discovered evidence withheld by the prosecution and his attorney demonstrates he is actually innocent, that there was insufficient evidence as a matter of law to establish a continuing criminal enterprise, and that the prosecution committed misconduct by making false statements and presenting false evidence to the trial court and jury.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by

motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Mujahid does not dispute, that his claims in this action challenge the validity of his conviction and sentence in the Eastern District of Virginia. Therefore, Mr. Mujahid's claims must be raised in the Eastern District of Virginia in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Mujahid bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Mujahid's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Mujahid argues in his response to Magistrate Judge Boland's show cause order that the remedy available in the sentencing court pursuant to § 2255 is inadequate

or ineffective because he has sought relief in the sentencing court pursuant to § 2255 on other issues and he was not aware of the newly discovered evidence that demonstrates he is actually innocent when he filed his previous § 2255 motions in the sentencing court. These arguments lack merit.

The fact that Mr. Mujahid previously has sought and been denied relief pursuant to § 2255 in the sentencing court does not demonstrate the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.3d at 673 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective."); *see also Caravalho*, 177 F.3d at 1179 ("[T]he mere fact [the movant] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate.") With respect to Mr. Mujahid's actual innocence argument premised on evidence he contends is newly discovered, the remedy available pursuant to § 2255 is neither inadequate nor ineffective because § 2255(h)(1) contemplates that newly discovered evidence may be a basis for a second or successive § 2255 motion. The Court need not consider whether the particular newly-discovered evidence claim Mr. Mujahid seeks to raise satisfies the requirements of § 2255(h)(1) because "[t]he savings clause doesn't guarantee results, only process." *Prost*, 636 F.3d at 590; *see also Jameson v. Samuels*, – F. App'x –, No. 13-6237, 2014 WL 292620 at *3 (10th Cir. Jan. 28, 2014) (concluding that remedy provided in sentencing court pursuant to § 2255 was not inadequate or ineffective for claims premised on newly discovered evidence even though the new evidence was insufficient to meet the stringent standard for filing a second or successive motion under § 2255(h)(1)).

For these reasons, the Court finds that Mr. Mujahid fails to demonstrate the

remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. As a result, the application must be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  19th  day of    February   , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court